IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CARLTON HARRISON, on behalf of himself and others similarly situated, | : |
| | : CIVIL ACTION FILE NO. |
| Plaintiff, | : |
| v. | : |
| EMERY INSURANCE GROUP INC. | : **COMPLAINT – CLASS ACTION** |
| Defendant. | : |
| | : **JURY TRIAL DEMANDED** |

Plaintiff Carlton Harrison ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans

'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply,

the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. This case involves a campaign by Emery Insurance Group Inc. ("Emery Insurance"), which placed calls to numbers on the National Do Not Call Registry in violation of the TCPA.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Carlton Harrison is a resident of this District.

7. Defendant Emery Insurance Group Inc. is a Utah corporation.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

9. This Court has jurisdiction over the Defendant because they made calls into this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because as calls were made or organized into this District.

## BACKGROUND

The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. At no point has the Plaintiff sought out or solicited information regarding Defendant' services prior to receiving the pre-recorded calls at issue.

Calls to Plaintiff

16. Mr. Harrison's cellular telephone number is (334)-XXX-1979.

17. Mr. Harrison does not have a traditional landline phone and uses that number for personal purposes.

18. That number is not associated with a business.

19. Mr. Harrison placed that number on the Do Not Call Registry in July of 2022.

20. Mr. Harrison has no prior relationship with the Defendant and did not consent to receive calls from them.

21. Despite that, Mr. Harrison received telemarketing calls from the Defendant on at least January 10, 18 and 25, 2024.

22. All of the calls came from a 334-237-70XX exchange.

23. The Defendant used a local area code for the Caller ID because it used automated dialing equipment.

24. This is indicative of the *en masse* calling.

25. The calls all followed a similar script.

26. The caller identified themselves as calling about a "health savings program".

27. They asked the plaintiff his name, zip code, age and current health insurance status so they could determine what health insurance services of the Defendant that they would offer.

28. On the final call, the Plaintiff spoke with Cameron Lindsay, an employee of the Defendant.

29. Cameron Lindsay identified as calling out of Utah.

30. The Plaintiff's counsel wrote to the Defendant about the telemarketing calls.

31. Defendant did not deny that they had made telemarketing calls to him.

32. Instead, Defendant claimed to have consent to call Mr. Harrison.

33. But Mr. Harrison never provided such consent.

34. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein

36. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

37. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation telemarketing call from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

38. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Class as he has no interests that conflict with any of the class members

39. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

40. This Class Action Complaint seeks injunctive relief and money damages.

41. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

42. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

43. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

44. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

46. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

b. whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

c. whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the call;

d. whether Defendant' conduct constitutes a violation of the TCPA; and

e. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Class**

48. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

49. The Defendant violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members

of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

50. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

52. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting Defendant's telemarketing vendors from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant's vendors from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

B. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date:   February 8, 2024.

Respectfully submitted,

/s/   J. Matthew Stephens
J. Matthew Stephens (ASB-3788-e66s)
**METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, AL  35205
Telephone:  (205) 939-0199
Facsimile:  (205) 939-0399
Email:       mstephens@mtattorneys.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Emery Insurance Group, Inc.
c/o Reg. Agent Barclay Douglas Emery
2121 Carriage Chase Lane
Sandy, UT  84092